### CATHRO *v.* GRAY.

SPECIFIC PERFORMANCE—WHEN DENIED.

> Equity will not enforce the specific performance of a land contract at the suit of a vendee who, having received notice that the contract had been forfeited by reason of his failure to make the payments provided for therein, took no steps for a number of years to enforce any rights that he might have under the contract, but, on the contrary, permitted a subsequent purchaser from the vendor to take possession of the premises, and to make valuable improvements thereon.

Appeal from Alpena; Simpson, J., presiding. Submitted January 29, 1896. Decided February 26, 1896.

Bill by John J. Cathro against Edgar L. Gray and John J. Murphy for the specific performance of a land contract. From a decree dismissing the bill, complainant appeals. Affirmed.

*W. E. Depew*, for complainant.

*Edgar L. Gray*, for defendants.

LONG, C. J. In June, 1878, defendant Gray entered into a written contract with the complainant and George Cathro, to sell and convey to them 120 acres of land in Alpena county, for the sum of $420, to be paid in annual

payments of $105 each, the last payment to be August 31, 1882.  The contract provided that the vendees should pay all taxes and assessments, and all back taxes since and including the year 1873, and, upon full payment being made, the vendor should convey the premises by warranty deed; but, if the payments were not made in full, the payments theretofore made should be forfeited, and the premises, with the improvements thereon, should revert, and the vendor might thereupon re-enter and take possession, or, at his option, the vendor might enforce the payment of the money due on the contract; but no pine timber was to be taken off without the written assent of the vendor.  George Cathro thereafter assigned his interest in the contract to the complainant. Defendant Gray, claiming that complainant, Cathro, had not kept up his payments in accordance with the terms of the contract, treated it as void, and on October 23, 1887, entered into a written contract with defendant John J. Murphy for the sale of the lands to him for the sum of $600, the last payment of which was to be made October 25, 1891.  After this contract was made, Mr. Murphy entered into possession of the premises, paid the taxes thereon, and has made more or less improvements upon the premises.  Complainant now files this bill to enforce specific performance of the contract made with him, and an accounting to ascertain the amount due from him to defendant Gray, and claims to have made certain payments under the contract.  The testimony was taken before a commissioner, reported to the court below, and upon such proofs that court dismissed the complainant's bill.  The complainant appeals to this court.

It appears that, after Cathro obtained his contract, he cut and removed from the premises quite a quantity of timber; that he did not keep up his payments, when, in the summer of 1883, Mr. Gray notified him that his contract was forfeited.  After this notice was given, the complainant wrote his brother George in reference thereto, and stated in the letter:

"If you want to keep your interest, you will have to send me a power of attorney to act for you. I do not know how you will look on it. As for myself, I would let it go, only it would leave me liable for whatever he might choose to charge me for the hardwood he claims pay for, or defend it by a lawsuit, which I may as well enter first as last."

The claim by defendant Gray is that Cathro thereafter did nothing in reference to the lands, made no further payments under his contract, and that the whole matter was ended so far as Cathro was concerned, when, in 1887, he (the defendant) made a contract of sale of the lands to defendant Murphy; that, before Murphy purchased, he had a talk with Cathro in reference to these lands. At first Cathro claimed some interest in them, and produced a contract; but Mr. Murphy testified that, upon examining it, he found that it described other lands than those in controversy here, and that Cathro then said to him that, if he wanted to go on and make a farm of it, he would never bother him; that he would likely see Mr. Gray, and settle the difficulty with him. Mr. Murphy claims that, with this understanding, he went into possession of the premises, made valuable improvements thereon, paid the contract price, and paid the taxes for the years 1887–1889; that these premises were adjoining those occupied by Mr. Cathro; and that Cathro saw him year by year making improvements, and made no objection thereto until about the time of the filing of this bill.

We are satisfied from an examination of the testimony that Mr. Cathro failed in making his payments in accordance with the terms of his contract, and that Mr. Gray had the right in 1883 to terminate it; that Cathro did not seek thereafter to enforce the terms of his contract, and that Mr. Murphy, in 1887, in making the purchase, acted in good faith; that Cathro knew of Mr. Murphy's purchase; and that, while he claims that from year to year he made objections to Murphy's possession, he

took no steps to enforce his claimed rights. but permitted Murphy to expend money in improvements.

The decree of the court below must be affirmed, with costs.

The other Justices concurred.